# THE MCHATTIE LAW FIRM

161 BOULEVARD
MOUNTAIN LAKES, NJ 07046
Phone 973.492.5500
Fax 973.402.0350

Admitted to Practice in New Jersey & New York

**CHRISTOPHER J. MCHATTIE, ESQ.**
email: *mchattie@optonline.net*

July 27, 2010

***Via facsimile and First Class Mail***
The Honorable George B. Daniels, USDJ
United States Courthouse
Courtroom 21D
500 Pearl Street
New York, New York 10007-1312

      Re:   **Blue Telescope v. Mirror Show, et al**
             **Case No.:   10 CV 1176**

Dear Judge Daniels:

      We write to report on the result of counsels' Rule 26(f) Initial Conference.

      Counsel have met and conferred and happy to report that general agreement was reached on all topics, with dates pending the Court's input. We are also attaching a proposed form of Protective Order. The form attached was acceptable to both Plaintiff, Blue Telescope, Inc. ("Blue Telescope") and Obscura Digital Incorporated ("Obscura Digital"), but not yet acceptable to Mirror Show Management, Inc. ("Mirror Show").

      Finally, with respect to the exchange of Initial Disclosures, both Blue Telescope and Obscura have provided or are in the process of providing Initial Disclosures, with Mirror Show not yet in a position to exchange Initial Disclosure notwithstanding the fact that this matter has been pending for five months. While Ms. Stiller is in the process of changing firms, which explains her predicament, we submit that Mirror Show, via either current counsel or superseding counsel, was and is in a position to provide Initial Disclosures.

      The Initial Pre-trial Conference in the above referenced matter is currently scheduled for Tuesday, August 3rd, 2010. We apologize for the late submission of this report but look forward to the Court's participation in this matter.

      If you have any questions, please do not hesitate to contact us.

                            Respectfully submitted,

                            *Christopher J. McHattie, Esq./S/*
                            Christopher J. McHattie, Esq.

CJM/jb
cc: Ms. Sharon Stiller, Esq.
      Mr. Tyler Meade, Esq., Meade & Schrag

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLUE TELESCOPE, INC., <br><br> *Plaintiff* & Counter-Defendant <br><br> v. <br><br> MIRROR SHOW MANAGEMENT INC., and OBSCURA DIGITAL INCORPORATED. <br><br> *Defendants*; <br><br> (And MIRROR SHOW – Counter-Plaintiff) | Civil Act. No. 10 – CV – 1176 <br><br> **Stipulated Protective Order** |

Good cause appearing therefor, the Court enters the following protective order:

    1. Designated Material. Any information or material produced, formally or informally, in response to a discovery request or otherwise, in this action, and any information or material filed with the Court, may be designated under this Order by the person or entity (whether or not a party to this action) producing or filing it or providing the information or material ("Designating Person"). All such information and material and all extracts or copies thereof, including copies already in the possession of other parties to this action, constitutes "Designated Material" under this Order. The designation may be made for the purposes of avoiding invasion of individual privacy and of protecting trade secrets or other confidential research, development, or commercial information relating to the Designating Person's business.  The designation shall be either (i) "CONFIDENTIAL," or (ii) "CONFIDENTIAL-ATTORNEY'S EYES ONLY."

    2. Access to Designated Material. Designated Material shall not be used or disclosed for any purposes other than the litigation of this action and may be disclosed only as follows:

        (a) Parties. Material designated "CONFIDENTIAL" may be disclosed (1) to those parties to this action or officers, directors, members and/or employees of parties to this action who have agreed in writing (by signing a document substantially in the form of Exhibit A) to be bound by this Order, and (2) to those individuals to whom material designated "CONFIDENTIAL-ATTORNEY'S EYES ONLY" may be disclosed under the terms of sub-paragraphs (b) through (f) below.

        (b) Counsel. Material designated "CONFIDENTIAL-ATTORNEY'S EYES ONLY" may be disclosed to outside counsel of record for parties to this action, their investigators, their legal associates, paralegals and their regularly employed office staffs.  A designating party may designate information CONFIDENTIAL-ATTORNEY'S EYES ONLY when it believes that the

information, in the context of the designating party's business, requires more secrecy than information designated CONFIDENTIAL.

(c) Consultants. All Designated Material may be disclosed to consultants who have agreed in writing (by signing a document substantially in the form of Exhibit A) or on the record of a deposition to be bound by this Order and who are approved by the parties to this action. Before disclosing any Designated Material to a consultant, counsel shall identify the prospective consultant to the other parties and provide a brief description of the consultant's business, past and present affiliations (for the last 10 years), and qualifications. The notified parties shall have ten business days from receipt of the notice to deliver to the notifying party written objections, if any, setting forth in detail the reasons therefor. Upon timely objection, disclosure of Designated Material to the consultant shall not be made, subject to a successful motion for relief brought by the party seeking disclosure. Absent timely objection, the consultant shall be deemed approved.

(d) Court Personnel and Stenographers. All Designated Material filed with the Court may be disclosed to and viewed by appropriate court personnel as necessary without the need of further order of this Court. Designated Material may be viewed by stenographers or shorthand reporters who have agreed in writing, in a document substantially in the form of Exhibit A, to be bound by this Order.

(e) Authors and Addressees. Documents that contain Designated Material may be disclosed to any person who appears as an author or addressee on the face of the document, or to any person who in fact has already received the document, or to any officer, director or attorney (including legal assistants and regularly employed office staff) of the party producing the document.

(f) Other Persons. All Designated Material may be disclosed to other persons who are subsequently designated by agreement of the parties or by order of the Court upon motion by a party.

3. Copies. Copies and extracts may be made by or for the foregoing persons, provided that all copies and extracts are appropriately marked. All copies and extracts are subject to paragraph 12 of this Order.

4. Custody of Designated Material. Designated Material and notes or other records regarding such information shall be maintained in the custody of the attorneys to whom the documents and information have been produced, and no partial or complete copies or extracts thereof shall be retained by anyone else at any location, except that consultants may retain documents, notes and records on a temporary basis for purpose of study, analysis, and preparation of the case. A person having custody of any Designated Material shall maintain it in a manner that limits access to qualified persons. Counsel of record for the party on whose behalf a person seeks disclosure or temporary possession of Designated Material shall maintain separately a collection of all documents by which such persons agree to be bound by this Order (Exhibit A).

5. Designating Material. Documents shall be designated by placing an appropriate legend on

each page of the document prior to production of the document. Other records and items shall be prominently marked in a reasonably equivalent way. Designated Material not reduced to documentary, tangible or physical form or which cannot be conveniently designated in the manner set forth herein shall be designated by the producing party by informing the receiving party in writing.

  6. Designating Depositions.

    (a) Deposition transcripts or portions thereof may be designated either: (i) when or before the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as the Designating Person may direct, or (ii) by captioned, written notice to the reporter and all counsel of record, given within thirty (30) business days after the reporter sends written notice that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. Pending expiration of the thirty (30) business days, the deposition transcript shall be treated as if it had been designated "CONFIDENTIAL-ATTORNEY'S EYES ONLY".

    (b) Where testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 2 of this Order.

    (c) Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under paragraph 2 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

  7. Court Procedures. In applications and motions to the Court, all submissions of Designated Material shall be filed with the Court in sealed enclosures on which shall be affixed the title of this action, an indication of the nature of their contents, the word "CONFIDENTIAL" and a statement substantially in the following form:

THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.

  The submission shall indicate clearly which portions are designated to be under seal. A copy of this Order shall be submitted with the filed [lodged] materials. Unless otherwise ordered by the Court, any hearing which may refer to or describe Designated Material shall be held in camera.

  8. Designations to be Reasonable. The parties will use reasonable care to avoid designating any documents or information which are generally available to the public.

  9. Objections. A party may challenge the propriety of any designation under this Order at any time. A challenge may be made by serving on the other parties a captioned notice of objection, which shall identify with particularity the items the designation of which is challenged and propose

a new designation for or declassification of each item. The challenged material shall be deemed redesignated or declassified as proposed unless within ten business days after service (or thirteen business days if service is by mail) the Designating Person has filed and served a motion for a protective order to maintain the original designation [or to designate the material otherwise]; and the Designating Person shall have the burden of proof to justify such designation. The original designations shall remain effective until ten days after entry of an order redesignating or declassifying the materials. Before serving a formal notice of objection, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter informally. The Court may award sanctions on a motion concerning the designation if it finds that any party's position with respect to the designation was taken without substantial justification. In addition to the foregoing, any third party found by the Court to have proper standing to intervene in this action may be heard, on such terms and conditions as the Court deems appropriate but in all events on reasonable notice to the parties, concerning objections or modifications to the terms of this Order.

10. No Prejudice.

(a) Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery. This Order governs only the treatment of information and materials in discovery. At trial, the parties will redesignate or redact confidential designations as appropriate.

(b) This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Person consents in writing before the disclosure takes place.

(c) Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Order shall not be admissible for any purpose during any proceeding on the merits of this action.

(d) A party may seek by written agreement or court order to make late designations of material otherwise entitled to protection under this Order if the party failed to make a timely designation through mistake or inadvertence and failed to correct such error within a reasonable time in accordance with the requirements of paragraph 13.

11. Inadvertent Production. Counsel shall exert their best efforts to identify materials protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any such materials or information. The inadvertent production of any document or thing shall be without prejudice to any claim that such material is protected by the attorney-client privilege or protected from discovery as work product, and no party shall be held to have waived any rights thereunder by inadvertent production. If within a reasonable time after materials are disclosed, a producing party asserts that such materials are protected by the attorney-client privilege or work product doctrine and were inadvertently produced, the receiving party shall take prompt steps to ensure that all known copies of such material are returned promptly to the producing party. The cost, if any, for excising such materials by the receiving party shall be borne by the producing party. The parties may thereafter contest such claims of privilege or work product as if the

materials had not been produced but shall not assert that a waiver occurred as a result of the production.

      12. Final Disposition. Upon final termination of this action and at the written request of the person designating or producing the material, all Designated Material and all copies thereof shall be returned to counsel of record for the person that produced the material or, in the case of deposition testimony regarding designated exhibits, the counsel of record for the Designating Person, or in the alternative, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed. However, counsel of record may retain pleadings, attorney and consultant work product, and depositions for archival purposes.

      13. Error in Designation. The inadvertent or unintentional production of documents containing, or otherwise disclosing, private, proprietary or secret information without being designated in accordance with this Order at the time of production or disclosure shall not be deemed a waiver in whole or in part of a Designating Person's claim of privacy, confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation or in failing to designate shall be corrected within a reasonable time after the Designating Person becomes aware of the error.

      14. Modifications and Survival. The restrictions imposed by this Order may be modified or terminated only by written stipulation of all parties or by order of this Court. This Order shall survive termination of this action.

      15. No Contract. To the extent that the parties have agreed on the terms of this order, such stipulation is for the Court's consideration and approval as an order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

SO STIPULATED.

Dated:_____          _____
                                  Attorneys for Blue Telescope, Inc.


Dated:_____          _____
                                  Attorneys for Mirror Show Management, Inc.


Dated:_____          _____
                                  Attorneys for Obscura Digital, Inc.

EXHIBIT A

Case No.
10 – CV – 1176

CERTIFICATION

This is to certify that I have read and agree to be bound by the terms of the Protective Order entered in this case on _____.

_____
Name (Print)

_____
Signature

_____
Home Address

_____
Occupation

_____
Employer

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLUE TELESCOPE, INC.,<br><br>*Plaintiff* & Counter-Defendant<br><br>v.<br><br>MIRROR SHOW MANAGEMENT INC., and OBSCURA DIGITAL INCORPORATED.<br><br>*Defendants*; | Civil Act. No. 10 – CV – 1176 (GBD)<br><br>**Civil Case Management**<br><br>**Plan and Scheduling Order** |

The parties' counsel having met and conferred, agree that the following Case Management Plan be adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

1. No **Additional Parties** may be joined after **September 28, 2010.**

2. No amendment to the pleadings will be permitted after **September 28, 2010.**

3. Except for good cause shown, all **discovery** shall be commenced in time to be completed by January 31**, 2011.**

4. **Dispositive Motions** are to be served by **March 28, 2011**  Answering papers are to be served within 14 days. Reply papers are to be served within seven (7) days. In the event a dispositive motion is made, the date for submitting the Joint Pretrial Order shall be changed from that shown herein to three (3) weeks from the decision on the motion. The final pretrial conference shall be adjourned to a date four (4) weeks from the decision on the motion.

5. A final **pretrial conference** will be held on **April        , 2011 at 9:30 am.**

6. The **Joint Pretrial Order** shall be filed no later than **May 4, 2011.** The requirements for the pretrial order and other pretrial submissions shall be governed by the Court's Individual Rules of Practice.

7. **All motions and applications** shall be governed by the Court's Individual Rules of Practice.

---

Deleted: 2010

Deleted: The Court expects discovery to be completed within 90 days of the first scheduling conference unless, after expiration of that 90 day period, all counsel stipulate that additional time (not to exceed 60 more days) is needed to complete discovery. In such event, discovery may be extended by the parties on consent, without application to the Court, provided the parties are certain they can still meet the discovery completion date ordered by the Court. The discovery completion date shall not be adjourned except upon a showing of extraordinary circumstances.

Deleted: December

Deleted: 0.

Deleted: January 25

Deleted: March

8. The parties shall be **ready for trial** within 48 hours, notice on or after **April \_\_\_\_, 2011.** The estimated trial time is _____ days, and this is a (jury)(non-jury) trial.   *Deleted: March 15*

9. The **Next Case Management Conference** will be held on _____ at **9:30am.**   *Deleted: October 26, 2010*

10. Counsel for the parties will discuss and agree to the form of a Protective Order and it is hereby directed that all discovery including the initial disclosures are subject thereto.   *Deleted: have discussed and agreed*   *Deleted: Protective Order entered this date*

11. Counsel for the parties have discussed and agreed that all discovery encompassing Electronically Stored Documents ("ESI") be provided in their native format to the extent reasonably possible and that counsel shall cooperate to the extent necessary, including but not limited to, the producing party bearing the burden of converting proprietary formats to commonly available formats.

12. Counsel for the parties have discussed and agreed that all limits provided by the Federal Rules and Local Rules shall guide the discovery process.

Dated: July 23, 2010
New York, New York

                                            So Ordered

_____
George B. Daniels
United States District Judge

_____
Attorney for Plaintiff

_____
Attorney for Defendant

_____
Attorney for Defendant

2