## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLUE TELESCOPE, INC., *Plaintiff* & Counter-Defendant<br><br>v.<br><br>MIRROR SHOW MANAGEMENT INC., and OBSCURA DIGITAL INCORPORATED.<br><br>*Defendants*;<br><br>(And MIRROR SHOW – Counter-Plaintiff) | Civil Act. No. 10 – CV – 1176<br><br>**Stipulated Protective Order**<br><br>SO ORDERED:<br>*[signature]*<br>George B. Daniels, U.S.D.J.<br><br>Dated: 0 9 AUG 2010 |

Good cause appearing therefor, the Court enters the following protective order.

1. Designated Material. Any information or material produced, formally or informally, in response to a discovery request or otherwise, in this action, and any information or material filed with the Court, may be designated under this Order by the person or entity (whether or not a party to this action) producing or filing it or providing the information or material ("Designating Person"). All such information and material and all extracts or copies thereof, including copies already in the possession of other parties to this action, constitutes "Designated Material" under this Order. The designation may be made for the purposes of protecting trade secrets or other confidential research, development, or commercial information relating to the Designating Person's business. The designation shall be "CONFIDENTIAL," or "CONFIDENTIAL-ATTORNEY'S EYES ONLY." A party may not designate material as CONFIDENTIAL-ATTORNEY'S EYES ONLY unless all parties' counsel agree that extraordinary circumstances exist mandating secrecy in relation to that class of material. If a party wishes to designate material as Confidential – Attorney's eyes only, counsel will provide a copy of the material to all counsel with a request for such designation and a statement of reasons justifying the designation. If all counsel do not agree to the designation within 10 days, either the material will be designated as Confidential (but not Confidential – Attorney's eyes only) or Counsel wishing to designate the material as Confidential – Attorney's eyes only may bring an application to the court for such designation. The presumption is that no party will seek to designate materials as Confidential – Attorney's Eyes only except in extraordinary circumstances.

2. Access to Designated Material. Designated Material shall not be used or disclosed for any purposes other than the litigation of this action and may be disclosed only as follows:

(a) Parties. Material designated "CONFIDENTIAL" may be disclosed (1) to those parties to this action or officers, directors, members and/or employees of parties to this action who

Blue Telescope v. Mirror Show, et al     Protective Order     Page 1 of 6

have agreed in writing (by signing a document substantially in the form of Exhibit A) to be bound by this Order, and (2) to those individuals to whom material designated "CONFIDENTIAL-ATTORNEY'S EYES ONLY" may be disclosed under the terms of sub-paragraphs (b) through (f) below.

(b) Counsel. Material designated "CONFIDENTIAL-ATTORNEY'S EYES ONLY" may be disclosed to outside counsel of record for parties to this action, their investigators, their legal associates, paralegals and their regularly employed office staffs.

(c) Consultants. All Designated Material may be disclosed to consultants who have agreed in writing (by signing a document substantially in the form of Exhibit A) or on the record of a deposition to be bound by this Order and who are approved by the parties to this action. Before disclosing any Designated Material to a consultant, counsel shall identify the prospective consultant to the other parties and provide a brief description of the consultant's business, past and present affiliations (for the last 10 years), and qualifications. The notified parties shall have ten business days from receipt of the notice to deliver to the notifying party written objections, if any, setting forth in detail the reasons therefor. Upon timely objection, disclosure of Designated Material to the consultant shall not be made, subject to a successful motion for relief brought by the party seeking disclosure. Absent timely objection, the consultant shall be deemed approved.

(d) Court Personnel and Stenographers. All Designated Material filed with the Court may be disclosed to and viewed by appropriate court personnel as necessary without the need of further order of this Court. Designated Material may be viewed by stenographers or shorthand reporters who have agreed in writing, in a document substantially in the form of Exhibit A, to be bound by this Order.

(e) Authors and Addressees. Documents that contain Designated Material may be disclosed to any person who appears as an author or addressee on the face of the document, or to any person who in fact has already received the document, or to any officer, director or attorney (including legal assistants and regularly employed office staff) of the party producing the document.

(f) Other Persons. All Designated Material may be disclosed to other persons who are subsequently designated by agreement of the parties or by order of the Court upon motion by a party.

3. Copies. Copies and extracts may be made by or for the foregoing persons, provided that all copies and extracts are appropriately marked. All copies and extracts are subject to paragraph 12 of this Order.

4. Custody of Designated Material. Designated Material and notes or other records regarding such information shall be maintained in the custody of the attorneys to whom the documents and information have been produced, and no partial or complete copies or extracts thereof shall be retained by anyone else at any location, except that consultants may retain documents, notes and records on a temporary basis for purpose of study, analysis, and preparation of the case. A person having custody of any Designated Material shall maintain it in a manner that

Blue Telescope v. Mirror Show, et al          Protective Order          Page 2 of 6

limits access to qualified persons. Counsel of record for the party on whose behalf a person seeks disclosure or temporary possession of Designated Material shall maintain separately a collection of all documents by which such persons agree to be bound by this Order (Exhibit A).

5. Designating Material. Documents shall be designated by placing an appropriate legend on each page of the document prior to production of the document. Other records and items shall be prominently marked in a reasonably equivalent way. Designated Material not reduced to documentary, tangible or physical form or which cannot be conveniently designated in the manner set forth herein shall be designated by the producing party by informing the receiving party in writing.

6. Designating Depositions.

(a) Deposition transcripts or portions thereof may be designated either: (i) when or before the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as the Designating Person may direct, or (ii) by captioned, written notice to the reporter and all counsel of record, given within thirty (30) business days after the reporter sends written notice that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. Pending expiration of the thirty (30) business days, the deposition transcript shall be treated as if it had been designated "CONFIDENTIAL-ATTORNEY'S EYES ONLY".

(b) Where testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 2 of this Order.

(c) Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under paragraph 2 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

7. Court Procedures. In applications and motions to the Court, all submissions of Designated Material shall be filed with the Court in sealed enclosures on which shall be affixed the title of this action, an indication of the nature of their contents, the word "CONFIDENTIAL" and a statement substantially in the following form:

THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.

The submission shall indicate clearly which portions are designated to be under seal. A copy of this Order shall be submitted with the filed [lodged] materials. Unless otherwise ordered by the Court, any hearing which may refer to or describe Designated Material shall be held in camera.

8. Designations to be Reasonable. The parties will use reasonable care to avoid designating

any documents or information which are generally available to the public.

9. Objections. A party may challenge the propriety of any designation under this Order at any time. A challenge may be made by serving on the other parties a captioned notice of objection, which shall identify with particularity the items the designation of which is challenged and propose a new designation for or declassification of each item. The challenged material shall be deemed redesignated or declassified as proposed unless within ten business days after service (or thirteen business days if service is by mail) the Designating Person has filed and served a motion for a protective order to maintain the original designation [or to designate the material otherwise]; and the Designating Person shall have the burden of proof to justify such designation. The original designations shall remain effective until ten days after entry of an order redesignating or declassifying the materials. Before serving a formal notice of objection, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter informally. The Court may award sanctions on a motion concerning the designation if it finds that any party's position with respect to the designation was taken without substantial justification. In addition to the foregoing, any third party found by the Court to have proper standing to intervene in this action may be heard, on such terms and conditions as the Court deems appropriate but in all events on reasonable notice to the parties, concerning objections or modifications to the terms of this Order.

10. No Prejudice.

(a) Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery. This Order governs only the treatment of information and materials in discovery. At trial, the parties will redesignate or redact confidential designations as appropriate.

(b) This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Person consents in writing before the disclosure takes place.

(c) Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Order shall not be admissible for any purpose during any proceeding on the merits of this action.

(d) A party may seek by written agreement or court order to make late designations of material otherwise entitled to protection under this Order if the party failed to make a timely designation through mistake or inadvertence and failed to correct such error within a reasonable time in accordance with the requirements of paragraph 13.

11. Inadvertent Production. Counsel shall exert their best efforts to identify materials protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any such materials or information. The inadvertent production of any document or thing shall be without prejudice to any claim that such material is protected by the attorney-client privilege or protected from discovery as work product, and no party shall be held to have waived any rights thereunder by inadvertent production. If within a reasonable time after materials are disclosed, a

producing party asserts that such materials are protected by the attorney-client privilege or work product doctrine and were inadvertently produced, the receiving party shall take prompt steps to ensure that all known copies of such material are returned promptly to the producing party. The cost, if any, for excising such materials by the receiving party shall be borne by the producing party. The parties may thereafter contest such claims of privilege or work product as if the materials had not been produced but shall not assert that a waiver occurred as a result of the production.

12. Final Disposition. Upon final termination of this action and at the written request of the person designating or producing the material, all Designated Material and all copies thereof shall be returned to counsel of record for the person that produced the material or, in the case of deposition testimony regarding designated exhibits, the counsel of record for the Designating Person, or in the alternative, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed. However, counsel of record may retain pleadings, attorney and consultant work product, and depositions for archival purposes.

13. Error in Designation. The inadvertent or unintentional production of documents containing, or otherwise disclosing, private, proprietary or secret information without being designated in accordance with this Order at the time of production or disclosure shall not be deemed a waiver in whole or in part of a Designating Person's claim of privacy, confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation or in failing to designate shall be corrected within a reasonable time after the Designating Person becomes aware of the error.

14. Modifications and Survival. The restrictions imposed by this Order may be modified or terminated only by written stipulation of all parties or by order of this Court. This Order shall survive termination of this action.

15. No Contract. To the extent that the parties have agreed on the terms of this order, such stipulation is for the Court's consideration and approval as an order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

SO STIPULATED.

Dated: 7.30.2010

Attorneys for Blue Telescope, Inc.

Dated: _____

Attorneys for Mirror Show Management, Inc.

Dated: 7-29-10

Attorneys for Obscura Digital, Inc.

Blue Telescope v. Mirror Show, et al          Protective Order          Page 5 of 6

producing party asserts that such materials are protected by the attorney-client privilege or work product doctrine and were inadvertently produced, the receiving party shall take prompt steps to ensure that all known copies of such material are returned promptly to the producing party. The cost, if any, for excising such materials by the receiving party shall be borne by the producing party. The parties may thereafter contest such claims of privilege or work product as if the materials had not been produced but shall not assert that a waiver occurred as a result of the production.

12. Final Disposition. Upon final termination of this action and at the written request of the person designating or producing the material, all Designated Material and all copies thereof shall be returned to counsel of record for the person that produced the material or, in the case of deposition testimony regarding designated exhibits, the counsel of record for the Designating Person, or in the alternative, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed. However, counsel of record may retain pleadings, attorney and consultant work product, and depositions for archival purposes.

13. Error in Designation. The inadvertent or unintentional production of documents containing, or otherwise disclosing, private, proprietary or secret information without being designated in accordance with this Order at the time of production or disclosure shall not be deemed a waiver in whole or in part of a Designating Person's claim of privacy, confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation or in failing to designate shall be corrected within a reasonable time after the Designating Person becomes aware of the error.

14. Modifications and Survival. The restrictions imposed by this Order may be modified or terminated only by written stipulation of all parties or by order of this Court. This Order shall survive termination of this action.

15. No Contract. To the extent that the parties have agreed on the terms of this order, such stipulation is for the Court's consideration and approval as an order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

SO STIPULATED.

Dated:_____        _____
                          Attorneys for Blue Telescope, Inc.

Dated: 7/30/2010          _____
                          Attorneys for Mirror Show Management, Inc.

Dated:_____        _____
                          Attorneys for Obscura Digital, Inc.

Blue Telescope v. Mirror Show, et al        Protective Order        Page 5 of 6

EXHIBIT A

Case No.
10 – CV – 1176

CERTIFICATION

This is to certify that I have read and agree to be bound by the terms of the Protective Order entered in this case on _____.

_____
Name (Print)

_____
Signature

_____
Home Address

_____
Occupation

_____
Employer

Blue Telescope v. Mirror Show, et al          Protective Order          Page 6 of 6